1    **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Christopher and Lori Kunzelman, husband)    No. CV-10-0056-PHX-GMS
     and wife,                                )
10                                             )    **ORDER**
                   Plaintiff,                  )
11                                             )
     vs.                                       )
12                                             )
                                               )
13   City of Scottsdale, an Arizona municipal)
     corporation; Michelle Bruce, Scottsdale)
14   Senior Code Inspector, solely in her)
     official capacity; Don Hadder, Principal)
15   Planner for the City of Scottsdale, solely in)
     his official capacity; John Does I-X and)
16   Jane Does I-X,                            )
                                               )
17                 Defendants.                 )
                                               )
18   _____)

19

20         Before the Court is the Motion for Partial Summary Judgment filed by Plaintiffs

21   Christopher and Lori Kunzelman (Doc. 28) and the Motion for Summary Judgment filed by

22   Defendants City of Scottsdale, Michelle Bruce, and Don Hadder (Doc. 63).[1]  For the reasons

23   _____

24         [1] In conjunction with their Response to Defendants' Motion for Summary Judgment,
     Plaintiffs filed an additional Cross-Motion for Partial Summary Judgment. (Doc. 68).
25   Pursuant to the Case Management Order (Doc. 23), since Plaintiffs had already filed a
     Motion for Partial Summary Judgment, they needed to obtain leave of the Court to file
26   another dispositive motion.  The Court denied leave in a text order dated May 3, 2011. (Doc.
     71).  Therefore, while the Court will consider Document 68 to the extent that it responds to
27   Defendants' Motion for Summary Judgment, the Court will not consider any new arguments
28   made in the context of Plaintiffs' cross-motion.

1  that follow, the Court denies Plaintiffs' Motion and grants in part and denies in part

2  Defendants' Motion.[2] This action is remanded to state court.

3                          **BACKGROUND**

4          In 1991, the City of Scottsdale enacted an Environmentally Sensitive Lands

5  Ordinance. (Doc. 29 at ¶ 1). The Ordinance places an overlay of additional zoning

6  restrictions onto the City's existing zoning code for all real property within the City north of

7  the Central Arizona Project Canal. (*Id.* at ¶ 5). The purpose of the Ordinance is to protect

8  natural and sensitive desert lands from the destructive effects of rampant development. (*See*

9  *generally* the legislative findings of the Scottsdale City Council at Doc. 29, Ex. 1). The

10  Ordinance provides that various portions of each lot within the regulated zone must be set

11  aside as Natural Area Open Space ("NAOS"), which consists of "areas of undisturbed natural

12  desert with no man-made improvements and approved revegetated areas." (Doc. 29, Ex. 5;

13  *see also* Doc. 29, Ex. 1). The Ordinance also requires that "the entire NAOS area will be

14  permanently maintained as natural area open space through easements, donation, or

15  dedication to the city or other entity"; in other words, the fee must be permanently

16  encumbered "to the satisfaction of the city attorney" in order for a property owner to comply

17  with the NAOS provision of the Ordinance. (Doc. 29, Ex. 1). Plaintiffs assert–and the City

18  does not contest–that at least 15% of their Property must be set aside permanently as open

19  space, where no development of any kind is permitted. (Doc. 29 at ¶ 12; Doc. 36 at ¶ 7).

20          In June 2002, the Kunzelmans purchased four residential lots in the City totaling

21  approximately 8.8 acres (the "Property"). (Doc. 29 at ¶ 8). Plaintiffs allege that in 2004,

22  they noticed that City contractors were using their Property as a dumping site and as a

23  turnaround for their trucks. (Doc. 69 at 7). After consulting with the City, Plaintiffs decided

24  to build a landscaping berm to prevent further trespassing. (*Id.*) Plaintiffs claim that they

25  relied upon various statements made by the City and its representatives–including Defendant

26

27          [2] Plaintiffs' request for oral argument is denied, as the written briefing provides a
sufficient basis upon which this Court can dispose of both Motions. *See Lake at Las Vegas*
28  *Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728–29 (9th Cir. 1991).

1  Don Hadder (the City's principal planner)–to construct the berm to conform to the City's

2  zoning code. (*See id.* at 7–9; *see also* Doc. 17 at ¶ 21). Nevertheless, the Complaint alleges

3  that the City ultimately issued Plaintiffs citations for various violations of the Scottsdale

4  zoning code, including failure to maintain NAOS. (Doc. 69 at 9–10; *see also* Doc. 69, Ex.

5  9–11). The City later dismissed some of the charges, and the complaint was closed in

6  September 2009 (though the citations remained). (Doc. 69 at 10).

7  Plaintiffs filed the instant action in state court on August 12, 2009. (*See* Doc. 1). After

8  Defendants removed the case to this Court, Plaintiffs filed a First Amended Complaint. (Doc.

9  17). The great majority of the Complaint raises claims that are based on state law. The

10  single federal cause of action asserted is a 42 U.S.C. § 1983 claim which alleges that the

11  Ordinance violates Plaintiffs' due process rights and the Takings Clause provisions of the

12  Bill of Rights as applied against the states through the Fourteenth Amendment.

13  **DISCUSSION**

14  **I.     Summary Judgment Standard**

15  Summary judgment is appropriate if the evidence, viewed in the light most favorable

16  to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact

17  and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

18  Substantive law determines which facts are material and "[o]nly disputes over facts that

19  might affect the outcome of the suit under the governing law will properly preclude the entry

20  of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact

21  issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the

22  nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)

23  (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine

24  factual issues "'can be resolved only by a finder of fact *because they may reasonably be*

25  *resolved in favor of either party*.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan*

26  *Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (emphasis in original) (quoting

27  *Anderson*, 477 U.S. at 250).

28  **II.     Section 1983 Claims**

1      In considering the parties' respective motions for summary judgment, we first

2  consider whether Plaintiffs have brought an appropriate § 1983 claim. Such a claim is the

3  only basis upon which this Court can exercise jurisdiction.   Plaintiffs' constitutional

4  challenges to the Ordinance are brought pursuant to § 1983, because a plaintiff "complaining

5  of a violation of a constitutional right does not have a direct cause of action under the United

6  States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp.*

7  *Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Azul-Pacifico Inc. v. City of L.A.*, 973 F.2d

8  704, 705 (9th Cir. 1992)). Although Plaintiffs do not specify as much, their constitutional

9  challenge to the Ordinance appears to be both a facial and an as-applied takings challenge.

10  Separate from the takings claims, Plaintiffs also assert that the Ordinance violates the Due

11  Process Clause. They argue that the NAOS dedication requirement is an "invalid exercise of

12  [] police power because it fails to substantially advance a legitimate state interest." (Doc. 52).

13      **A.    Takings Claims**

14      Plaintiffs first argue that the Ordinance represents a taking of their property in

15  violation of the Fifth Amendment to the United States Constitution, made applicable to the

16  states and their political subdivisions by the Fourteenth Amendment.  The Takings Clause

17  provides that "private property [shall not] be taken for public use, without just

18  compensation."

19      **I.    Facial Takings Challenge**

20      A facial attack on the Ordinance is time-barred.  "Section 1983 does not contain its

21  own statute of limitations. Without a federal limitations period, the federal courts borrow the

22  statute of limitations for § 1983 claims applicable to personal injury claims in the forum

23  state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471

24  U.S. 261, 279–80 (1985)). "The applicable statute of limitations for personal injury claims

25  in Arizona is two years." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir.

26  2004) (citing A.R.S. § 12-542; *TwoRivers*, 174 F.3d at 991).  The Court therefore applies a

27

28

1  two-year statute of limitations to all § 1983 claims brought in this action.[3]

2      Further, the Ninth Circuit has held that "the statute of limitations for facial challenges

3  to an ordinance runs from the time of adoption" of the ordinance. *Colony Cove Props., LLC*

4  *v. City of Carson*, 640 F.3d 948, 956 (9th Cir. 2011). "[I]n the takings context, the basis of

5  a facial challenge is that the very enactment of the statute has reduced the value of the

6  property or has effected a transfer of a property interest. This is a single harm, measurable

7  and compensable when the statute is passed." *Id.* (quoting *Guggenheim v. City of Goleta*,

8  638 F.3d 1111, 1119 (9th Cir. 2010)). The Ordinance was enacted by the City of Scottsdale

9  in 1991, and Plaintiffs purchased the Property in June 2002. While following *Colony Cove*

10 it would appear appropriate to use the 1991 enactment date, whether the limitations clock is

11 started then or at the time of Plaintiffs' acquisition of the Property, Plaintiffs have well

12 exceeded their two-year allotment of time in which to file suit to facially attack the

13 Ordinance.

14     It is true that "'substantive amendments to a takings statute will give rise to a new

15 cause of action . . . if those amendments alter the effect of the ordinance upon the plaintiffs'".

16 *Id.* at 957 (quoting *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d

17 1020, 1027 (9th Cir. 2007)) (internal quotations omitted). Yet Plaintiffs have not argued that

18 the City has made any such material changes to the Ordinance itself since its adoption in

19 1991. Rather, Plaintiffs note that the Ordinance's "core provisions have remained relatively

20 unchanged" since its enactment. (Doc. 29 at ¶ 4). Because A.R.S. § 12-542 provides an

21 absolute bar to recovery on a § 1983 claim if suit is not filed within two years, and the Ninth

22

23

24     [3] Defendants argue in their Motion that "the statute of limitations for a regulatory taking is a maximum of four years," citing A.R.S. § 12-550. (Doc. 63 at 3). Plaintiffs'

25 Response assumes, without arguing, that this is true. *See* Doc. 68 at 7. The parties are relying on Arizona's catch-all statute for limitations not specifically enumerated elsewhere.

26 However, the Ninth Circuit has determined that Arizona's "personal injury" statute of limitations, which is the statute to be applied to § 1983 actions, is located at A.R.S. § 12-542.

27 *See Cholla*, 382 F.3d at 974; *TwoRivers*, 174 F.3d at 991. This Court therefore applies the

28 two-year limitation found therein.

1    Circuit starts the clock at the time of the enactment of the regulation, Plaintiffs cannot

2    maintain a facial takings challenge to the Ordinance.  Accordingly, summary judgment in

3    favor of Defendants is granted with respect to this claim.

4                    **ii.     As-Applied Takings Challenge**

5         The parties do not appear to dispute this Court's jurisdiction over an as-applied

6    takings challenge to the Ordinance.  However, the Court is obliged to raise the issue of

7    ripeness *sua sponte*.  *See Guggenheim*, 638 F.3d at 1116.  The Court so inquires because §

8    1983 is meant to redress constitutional injuries, and "there is no constitutional injury until

9    the plaintiff has availed himself of the state's procedures for obtaining compensation for the

10   [taking of property], and been denied compensation."  *San Remo Hotel v. City & Cnty. of*

11   *S.F.*, 145 F.3d 1095, 1102 (9th Cir. 1998). The Supreme Court has imposed two ripeness

12   requirements on federal takings claims.  *Williamson Cnty. Reg'l Planning Comm'n v.*

13   *Hamilton Bank of Johnson City*, 473 U.S. 172, 193–94 (1985).  "First, a plaintiff must

14   demonstrate that 'the government entity charged with implementing the regulations has

15   reached a final decision regarding the application of the regulations to the property at issue.'"

16   *Colony Cove*, 640 F.3d at 958 (quoting *Williamson*, 473 U.S. at 186).  "Second, the plaintiff

17   must have sought, and been denied, 'compensation through the procedures the State has

18   provided for doing so.'" *Id.* (quoting *Williamson*, 473 U.S. at 194).

19        The second prong of the *Williamson* test remains unfulfilled.  Plaintiffs have not

20   engaged in inverse condemnation proceedings in Arizona state court to determine whether

21   the Ordinance is a valid exercise of the City's zoning power and whether they are due

22   compensation under the Takings Clause.  To their credit, Plaintiffs did initially file this action

23   in state court before Defendants removed the proceedings to this Court.  However, the state

24   court proceedings must run their course, as there must be a denial of compensation following

25   those proceedings for Plaintiffs to claim that they have suffered a federal constitutional injury

26   through a regulatory taking of their property.  On its own motion, the Court must dismiss the

27

28

- 6 -

1  as-applied takings claim without prejudice.[4]

2  **B.    Due Process Claim**

3  The Supreme Court recognized as early as 1926 that a zoning ordinance can be

4  declared unconstitutional only if its "provisions are clearly arbitrary and unreasonable,

5  having no substantial relation to the public health, safety, morals, or general welfare." *Vill.*

6  *of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926).  Over time, federal courts

7  have come to recognize "a broad range of governmental purposes and regulations" on the use

8  of real property which are legitimately within the province of government to enact.  *Nollan*

9  *v. Cal. Coastal Comm'n*, 483 U.S. 825, 834–35 (1987) (citing *Agins v. City of Tiburon*, 447

10  U.S. 255, 260–62 (1980) (scenic zoning to protect against pollution, congestion, and sight

11  line destruction); *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104, 127 (1978) (landmark

12  preservation); *Euclid*, 272 U.S. at 365 (residential zoning to promote public health and

13  reduce congestion)).

14  The provision of light and open space is a legitimate governmental interest.  *See*

15  *Berman v. Parker*, 348 U.S. 26, 32, 34–35 (1954) (holding that the police power

16  encompasses the alleviation of blight and the provision of, *inter alia*, light and open space,

17  and noting that "when the legislature has spoken, the public interest has been declared in

18  terms well-nigh conclusive") ; *Gorieb v. Fox*, 274 U.S. 603, 608 (1927) ("[C]omprehensive

19  zoning laws and ordinances, prescribing, among other things . . . the extent of the area to be

20  left open for light and air . . . are, in their general scope, valid under the federal Constitution.

21  It is hard to see any controlling difference between regulations which require the lot owner

22  to leave open areas at the sides and rear of his house and limit the extent of his use of the

23  space above his lot and a regulation which requires him to set his building a reasonable

24  distance back from the street.") (internal citations removed); *see also Vill. of Belle Terre v.*

25  *Boraas*, 416 U.S. 1, 9 (1974) ("A quiet place where yards are wide, people few, and motor

26

27  [4] Because Plaintiffs' failure to satisfy the "state procedures" requirement is
dispositive, the Court need not discuss whether they have satisfied the first prong of the
28  *Williamson* ripeness standard.

- 7 -

1  vehicles restricted are legitimate guidelines in a land-use project addressed to family needs.

2  This goal is a permissible one within *Berman v. Parker* . . . . The police power is not

3  confined to elimination of filth, stench, and unhealthy places.  It is ample to lay out zones

4  where family values, youth values, and the blessings of quiet seclusion and clean air make

5  the area a sanctuary for people."); *Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1229–30 (9th

6  Cir. 1998).

7        One key stated purpose of the Ordinance is to protect sensitive lands from

8  "environmental hazards and nuisances" because "[t]he natural recovery of land disturbed by

9  development is very slow, due to the arid climate" which characterizes central Arizona.

10  (Doc. 29, Ex. 1).  A central goal of the Ordinance's enactment, according to the findings of

11  the Scottsdale City Council, is to contribute "to the City's quality of life and economic

12  health." (*Id.*).  Plaintiffs have provided no evidence to counteract the great weight of federal

13  case law allowing municipalities broad zoning authority to promote the public good.  They

14  instead rely on *Corrigan v. City of Scottsdale*, in which the Arizona Court of Appeals struck

15  down portions of an earlier Scottsdale zoning ordinance, noting that the lack of a "deplorable

16  condition" under the prior zoning scheme precluded the City from using its police power to

17  institute more rigorous zoning restrictions. *See* 149 Ariz. 553, 561–62, 720 P.2d 528, 536–37

18  (App. 1985).  Plaintiffs' heavy reliance on *Corrigan* before this Court is misplaced.  That

19  case may stand for the proposition that the constitution and laws of Arizona provide

20  additional limitations on the municipal police power than does the Federal Constitution.  But

21  in the face of substantial case law from the Supreme Court and the Ninth Circuit leading to

22  the opposite result under the Federal Constitution, *Corrigan* is unpersuasive in the context

23  of a federal constitutional challenge before this Court.

24        As far as federal law is concerned, the Ordinance is an acceptable exercise of the

25  City's broad police power to engage in zoning and land use planning and does not violate

26  Plaintiffs' substantive due process rights.  Plaintiffs point to no evidence whatsoever

27  suggesting that the Ordinance does not further the purposes for which it was enacted or does

28  so in an arbitrary and capricious fashion.  Therefore, summary judgment in favor of

1  Defendants is appropriate on this claim.

2  As the Supreme Court recognized in *Lingle v. Chevron U.S.A. Inc.*, however, a

3  rational and legitimate land use ordinance may still be a taking due to the burdens it imposes

4  on the private property owner. 544 U.S. 528, 540–42 (2005). It is for this very reason that the

5  two inquiries–takings and due process–are separate. While the Ordinance does not run afoul

6  of the Due Process Clause of the Federal Constitution, the question of whether the Ordinance

7  violates provisions of the Arizona Constitution or statute, or the Takings Clause of the

8  Federal Constitution is one for the state courts to decide in the first instance.

9  **III.    Remaining Claims**

10  After this Court's disposition of the federal takings and due process claims brought

11  pursuant to 42 U.S.C. § 1983, no further federal claims remain. This Court is a tribunal of

12  limited jurisdiction. Federal law requires remand of a case to state court "[i]f at any time

13  before final judgment it appears that the district court lacks subject matter jurisdiction." 28

14  U.S.C. § 1447©. The parties are non-diverse and there are no longer any federal claims

15  through which the Court can exercise its supplemental jurisdiction pursuant to 28 U.S.C. §

16  1367. Further, state court consideration of the remaining claims would comport with judicial

17  efficiency, for Plaintiffs must already return to state court to ripen their as-applied takings

18  claim under the Takings Clause. This action is therefore remanded to state court.

19  **CONCLUSION**

20  Defendants are entitled to summary judgment on Plaintiffs' facial takings challenge

21  and substantive due process challenge to the Ordinance. Plaintiffs' as-applied takings

22  challenge is not ripe for federal court consideration and therefore is dismissed without

23  prejudice on the Court's own motion. Because this Court no longer has jurisdiction over this

24  case, and further because Plaintiffs must exhaust state court proceedings for an as-applied

25  takings claim under the Federal Constitution to ripen, this action is remanded to the Maricopa

26  County Superior Court.

27  **IT IS THEREFORE ORDERED**:

28  1.    Plaintiffs' Motion for Partial Summary Judgment (Doc. 28) is **DENIED**;

- 9 -

1         2.      The Motion for Summary Judgment filed by Defendants City of Scottsdale,

2 Michelle Bruce, and Don Hadder (Doc. 63) is **GRANTED IN PART AND DENIED IN**

3 **PART**.   The Motion is granted with respect to the facial takings challenge and the

4 substantive due process challenge to the Ordinance under 42 U.S.C. § 1983. The Motion is

5 denied in all other respects;

6         3.      Plaintiffs' as-applied takings challenge under 42 U.S.C. § 1983 is **dismissed**

7 **without prejudice**.

8         4.      The Clerk of the Court is directed to remand this action to the Maricopa County

9 Superior Court.

10         DATED this 10th day of August, 2011.

11

12                                             G. Murray Snow

13                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28